IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IRM ZIEGLER, | ) | CASE NO. 1:14 CV 445 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| BURTON CAROL MANAGEMENT, LLC, *at al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Irm Ziegler filed the above-captioned action under 42 U.S.C. § 1983 against Burton Carol Management, LLC ("Burton Carol"), Burton Carol Employees Joy Anzalone, Sandy Olczak, and Samantha Charlton, Attorney Michael Linn, unknown Burton Carol Employees and unknown Mentor-on-the-Lake Police Officers. He filed an amended complaint on March 7, 2014. In the amended complaint, plaintiff alleges Burton Carol cashed his rent check without making repairs to his apartment, and then evicted him. He claims the defendants violated his constitutional rights and seeks monetary and injunctive relief.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis*. That Motion is granted.

**Factual and Procedural Background**

Plaintiff's complaint contains so much legal rhetoric that it is difficult to ascertain the precise nature of her claims. It appears she was a tenant in Harbor Run Apartments in Mentor-on-the-Lake, Ohio. Burton Carol is either the owner or property manager for the apartment complex.

Plaintiff states she filed an Application by Tenant to Deposit Rent with the Clerk in the Mentor Municipal Court on December 30, 2013. She indicates there was black mold in her apartment. She does not indicate if other repairs were required. Burton Carol filed an Application for Release of Rent on January 10, 2014. The Mentor Municipal Court set the matter for hearing on February 11, 2014. Plaintiff claims the Application for Release of Rent should have been denied because she was not properly served. The Municipal Court ruled against plaintiff and released the deposited rent to Burton Carol before they made repairs to the property.

Samantha Charlton and other Burton Carol employees arrived at plaintiff's apartment on February 11, 2014 to make the requested repairs. Plaintiff refused them entry into the apartment because they did not provide twenty-four hour prior notice. Burton Carol sent a letter to plaintiff indicating they would come back on February 15, 2014.

Joy Anzalone and other Burton Carol employees arrived on February 15, 2014, accompanied by Menotr-on-the-Lake police officers. She claims Anzalone told her she would lose her case in court, and Burton Carol would not renew her lease. They made some of the repairs; however, plaintiff contends their attempts to replace the drywall and paint were insufficient to fix the problem.

Plaintiff asserts six causes of action. Her first five causes of action all contain claims for denial of due process and equal protection under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. Her sixth cause of action asserts claims under the federal Racketeer Influenced Corrupt Organizations Act ("RICO"). She also states her intent to pursue this as a class action under Federal Civil Procedure Rule 23.

**Standard of Review**

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

## Discussion

As an initial matter, most of the defendants are not proper parties to an action under 42 U.S.C. § 1983. To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that

a person acting under color of state law deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the defendant must be a state or local government official or employee. All of the defendants, except the unknown Mentor-on-the-Lake Police Officers, are private parties, not government officials. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). While the parties were litigating in municipal court, merely being a participant in litigation does not make a private party a state actor. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Plaintiff cannot bring claims under § 1983 against them.

While Unknown Mentor-on-the-Lake Police Officers may be state actors, plaintiff fails to state a claim against them under 42 U.S.C. § 1983. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). She alleges Mentor-on-the-Lake Officers accompanied Burton Carol employees to plaintiff's apartment when they arrived to make repairs. This allegation, alone is insufficient to demonstrate that any of the officers personally engaged in conduct which violated plaintiff's constitutional rights. There are no other allegations of any actions taken by these officers.

In addition, plaintiff's RICO cause of action also fails to state a claim upon which relief may be granted. Pursuant to 18 U.S.C. § 1964(c), RICO provides a private right of action for

"[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." In turn, Section 1962 states in relevant part:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection ... (c) of this section.

A "pattern of racketeering activity" requires at least two acts of "racketeering activity" which are set forth in Section 1961(1).[1] 18 U.S.C. § 1961(5). To prove a defendant violated Section 1962(c), it

---

[1] 18 U.S.C. § 1961(1) defines a "racketeering activity" as: (A) any act or threat involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18, United States Code: §201 (bribery), § 224 (sports bribery), §§471, 472, and 473 (counterfeiting), §659 (theft from interstate shipment), §664 (embezzlement from pension and welfare funds), §891-894 (extortionate credit transactions), §1028 (fraud and in connection with identification documents), §1029 (fraud in connection with access devices), §1084 (transmission of gambling information), §1341 (mail fraud), §1343 (wire fraud), §1344 (financial institution fraud), §1425 (unlawful procurement of citizenship or nationalization), §1426 (reproduction of naturalization or citizenship papers), §1427 (sale of naturalization or citizenship papers), § 1461-1465 (obscene matter), §1503 (obstruction of justice), §1510 (obstruction of criminal investigations), §1511 (obstruction of State or local law enforcement), §1512 (tampering with a witness, victim, or an informant), §1513 (retaliating against a witness, victim, or an informant), §1542 (false statement in application and use of passport), §1543 (forgery or false use of passport), §1544 (misuse of passport), §1546 (fraud and misuse of visas,), §§1581-1591 (slavery and trafficking in persons), §1951 (interference with commerce, robbery, or extortion), §1952 (racketeering), §1953 (interstate transportation of wagering paraphernalia), §1954 (unlawful welfare fund payments), §1955 (illegal gambling businesses), §1956 (money laundering), §1957 (engaging in monetary transactions in property derived from specified unlawful activity), §1958 (use of interstate commerce in the commission of murder-for-hire), §§2251, 2251A, 2252, and 2260 (sexual exploitation of children), §§ 2312 and 2313 (interstate transportation of stolen motor vehicles), §§2314 and 2315 interstate transportation of stolen property), §2318 (trafficking in counterfeit labels for phonorecords, computer programs and motion pictures), §2319 (criminal infringement of a
(continued...)

is necessary for the plaintiff to prove the defendant committed two predicate offenses. To violate Section 1962(d), a defendant must conspire with another person who commits two acts of racketeering activity. *United States v. Joseph,* 781 F.2d 549, 554 (6th Cir. 1986). Although plaintiff alleges defendants profit from charging tenants for utilities which is not specified in the lease, this action does not constitute "racketeering activity" as defined by the statute, nor does it demonstrate a pattern of activity. Consequently, plaintiff has not stated a claim for a violation of RICO.

Finally, plaintiff seeks to litigate this case as a class action. Class certification is governed by Fed.R.Civ.P. 23, which provides:

> 2 (a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if :
>
> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately protect the interests of the class.

---

[1](...continued)
copyright), §2319A (unauthorized trafficking in sound recordings and music videos), §2320 (trafficking in goods or services bearing counterfeit marks), §2321 (trafficking in certain motor vehicles or motor vehicle parts), §§2341-2346 (trafficking in contraband cigarettes), §§2421-24 (slave traffic), (C) any act which is indictable under title 29, United States Code, §186 (restrictions on payments and loans to labor organizations) or §501(c) (embezzlement from union funds), (D) any offense involving fraud connected with a case under title 11 (except a case under §157 of this title), fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in §102 of the Controlled Substances Act), punishable under any law of the United States, (E) any act which is indictable under the Currency and Foreign Transactions Reporting Act, (F) any act which is indictable under the Immigration and Nationality Act, § 274 (bringing in and harboring certain aliens), § 277 (aiding or assisting certain aliens to enter the United States), or §278 (importation of alien for immoral purpose) if the act indictable under such of such Act was committed for the purpose of financial gain, or (G) any act that is indictable under any provision listed in §2332b(g)(5)(B).

> (b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
>> (1) the prosecution of separate actions by or against individual members of the class would create a risk of:
>>
>>> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>>> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
>>
>> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>>
>> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:
>>
>>> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;
>>> (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
>>> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum;
>>> (D) the difficulties likely to be encountered in the management of a class action.

The Rule is explicit that a class action may not be certified unless the named plaintiff satisfies all four of the prerequisites set forth in subdivision (a), as well as at least one of the conditions set forth

in subdivision (b). *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). The named plaintiff carries the burden of establishing these prerequisites. *Id.*

In this case, class certification must be denied because the plaintiff has not satisfied the requirements of Rule 23(a)(1), (2) or (4). She does not allege facts to suggest the class of potential plaintiffs is so large that joinder of all members is impracticable, nor does she demonstrate that there are questions of law or fact common to the class. Plaintiffs claims have all been dismissed for failure to state a claim upon which relief may be granted. Moreover, she fails to establish that "the representative parties will fairly and adequately protect the interests of the class." Plaintiff is a *pro se* litigant. It is well established that "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others. This is because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotation omitted). *See also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) (*pro se* prisoners are not adequate representatives fairly able to represent the class). Numerous Sixth Circuit cases have similarly held that Rule 23(a)(4) does not permit a *pro se* inmate to serve as class representative. *See Howard v. Dougan*, No. 99-2232, 221 F.3d 1334, 2000 WL 876770, at * 1 (6th Cir. June 23, 2000)("The district court properly declined to certify the class and appoint Howard as class representative as he is an incarcerated pro se litigant without legal training"); *Hammond v. O'Dea*, No. 91-5089, 932 F.2d 968, 1991 WL 78161, at *2 (6th Cir. May 14, 1991)( "[P]*ro se* prisoners are not adequate representatives fairly able to represent

## Conclusion

Accordingly, plaintiff's Motion to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

    IT IS SO ORDERED.

                                  */s/ Donald C. Nugent*
                                  DONALD C. NUGENT
                                  UNITED STATES DISTRICT JUDGE

Dated: August 5, 2014

---

[2]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.